**Abul HASAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–6236–ag.

United States Court of Appeals, Second Circuit.

June 22, 2007.

Justin Conlon, North Haven, CT, for Petitioner.

Patrick J. Fitzgerald, U.S. Atty., Northern District of Illinois, Edmond E. Chang,

Craig A. Oswald, Stephen L. Heinze, Asst. U.S. Attys., Chicago, IL, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Abul Hasan, a native and citizen of Bangladesh, seeks review of the October 20, 2005 order of the BIA affirming an April 9, 2004 decision of Immigration Judge ("IJ") Michael W. Straus denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abul Hasan,* No. A73 187 242 (B.I.A. Oct. 20, 2005), *aff'g* No. A73 187 242 (Immig. Ct. Hartford Apr. 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005).

As an initial matter, we decline to exercise jurisdiction to review Hasan's arguments challenging the IJ's past persecution findings because these arguments have not been exhausted at the administrative level. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005); *see also Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007) (holding that this Court will not consider an unexhausted issue that was "a ground, in and of itself, on which an IJ's denial of [relief] may be based"). Hasan's counseled brief to the BIA, to the extent that it raised any challenges to the IJ's decision, focused on the question of future persecution.

An asylum applicant "does not have a well-founded fear of [future] persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ... if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.13(b)(2)(ii); *see Hong Ying Gao v. Gonzales,* 440 F.3d 62, 71–72 (2d Cir.2006). Here, the IJ's finding that Hasan could avoid persecution by relocating was supported by substantial evidence. The fact that Hasan testified multiple times that he feared persecution specifically at the hands of Bangladesh Nationalist Party members from his home village, combined with the fact that the capital city of Dhaka, where his family now lives, is five to six hours by boat from this village, certainly suggests that Hasan could avoid the persecution he fears by relocating to Dhaka. Furthermore, although the IJ found that the country reports indicate that politically-motivated violence sometimes occurs in Bangladesh, the fact that Hasan was not a prominent member of the Jatiya Party and the fact that he had not been politically active for ten years, also suggest that he would not face persecution in Dhaka.

Our review of the record indicates that in making his relocation finding, the IJ properly placed the burden of proof on the Government. Because the IJ cited affirmative evidence in support of his finding that Hasan could relocate—to wit, his own testimony—Hasan's argument that the IJ improperly relied on an absence of evidence, amounting to an impermissible shift in the burden of proof, is not persuasive. *But cf. Makadji v. Gonzales,* 470 F.3d 450, 455 (2d Cir.2006).

Moreover, while Hasan correctly asserts that the IJ did not specifically find that it

would be reasonable for him to relocate, the IJ clearly considered several of the factors relevant to the question of reasonableness of relocation as articulated in 8 C.F.R. § 208.13(b)(3) (noting that the IJ should consider "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties"); *see also Hong Ying Gao,* 440 F.3d at 72. For example, the IJ noted that Hasan's wife and children had moved to Dhaka several years before his asylum hearing, and that some of his siblings also lived there. This evidence of strong familial ties in Dhaka supports the conclusion that it would be reasonable for Hasan to relocate there. Furthermore, it was not error for the IJ to consider the experiences of Hasan's family in Bangladesh when Hasan testified that they had suffered problems in his home village because of his political activities, and that this is what prompted them to move to Dhaka. *See Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005). Moreover, while Hasan asserts that the IJ erred in failing to also consider his health problems stemming from an auto accident in the United States, the regulations state that not all of the factors are applicable in each case. 8 C.F.R. § 208.13(b)(3). Even if the IJ erred in failing to consider Hasan's health, such an error was harmless as it can be confidently predicted based on the IJ's other findings that he would reach the same conclusion on remand. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 336–340 (2d Cir.2006). Based on the foregoing, the IJ properly found that Ha-

san could relocate within Bangladesh, thus precluding him from establishing a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(2)(ii).

As Hasan failed to meet his burden of proof for asylum, and as his withholding claim is premised on the same facts, he has thus failed to meet the higher burden of proof required for withholding. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Hasan's failure to raise his CAT claim before the BIA precludes our review, and we dismiss his petition for review with respect to that claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).